UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 05 CV 1540
M.M.
ECF CASE

MARGARITA CASTILLO, on her own behalf
and others similarly situated,

    Plaintiff,

v.

E & D LLC, d/b/a THE PRIME GRILL,
a New York corporation.

    Defendant.

_____/

## COMPLAINT

1.    Plaintiff MARGARITA CASTILLO (hereinafter referred to as "plaintiff"), was an employee of E & D LLC d/b/a THE PRIME GRILL, a New York corporation, and (collectively referred to as "defendant") and brings this action for overtime compensation, minimum wages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).  Plaintiff performed work as an assistant pastry chef and related activities in New York, New York.

2.    Defendant is a New York corporation that operated and conducts business in New York, New York and is within the jurisdiction of this Court.

3.    This action is brought to recover from defendants overtime compensation minimum wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b)(the Act).  Such collective action is intended to

include each and every employee employed by defendants at anytime within the past three years.

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  At all material times relevant to this action, defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

5. At all times pertinent to this Complaint, defendants failed to comply with Title 29 U.S.C. §§201-209, in that plaintiff performed services for defendants for which no provisions were made by the defendants to properly pay plaintiff for those hours worked in excess of forty (40) hours per week during one or more work weeks.

6. In the course of employment with defendants, plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

7. The records, if any, concerning the number of hours actually worked by plaintiff and al other similarly situated employees and the compensation actually paid to plaintiff are in the possession and custody of defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

8. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9 above.

9. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.  Plaintiff regularly worked overtime hours.

10. By reason of the said intentional, willful, and unlawful acts of defendants, plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

11. As a result of defendants' willful violation of the Act, plaintiff is entitled to liquidated damages.

12. Plaintiff demands a jury trial.

WHEREFORE, plaintiff, and all other employees similarly situated, demand judgment against defendant, jointly and severally, for the payment of all overtime hours at one and one-half their regular rate of pay for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## COUNT II
## RECOVER OF MINIMUM WAGES

13. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9.

14. Plaintiff, and the other employees similarly situated, are entitled to be paid at the current minimum wage rate of pay for each hour they worked during their employ.

15. On or about January 21, 2005, plaintiff's employment with defendant ended.  Thereafter, plaintiff requested proper compensation for her final paychecks. Defendants refused to compensate plaintiff for the final weeks of wages due to her resulting in plaintiff's receiving less than the minimum wage for those hours worked in her last weeks of employment.

16. Defendant willfully failed to pay plaintiff at the current minimum wage for her final weeks of work contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

17. As a direct and proximate result of defendant's deliberate underpayment of wages, plaintiff has been damaged in the loss of minimum wages for her last weeks of work.

18. Plaintiff demands a jury trial.

WHEREFORE, plaintiff, and all other employees similarly situated, demand judgment against defendants, jointly and severally, for compensatory damages an additional equal amount of liquidated damages, together with costs and attorney's fees pursuant to the FLSA and such other further relief as this Court deems just and proper, including trial by jury.

DATED this 4th day of February, 2005.

> HELEN F. DALTON & ASSOCIATES, P.C.
> 69-12 Austin Street
> Forest Hills, NY 11375
> Tel: (718) 263-9591
> Fax: (718) 263-9598
>
> _____
> JUSTIN A. ZELLER
> J.Z.7094

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARGARITA CASTILLO, on her own behalf
and others similarly situated,

    Plaintiff,

v.

E & D LLC, d/b/a THE PRIME GRILL,
a New York corporation.

    Defendant.

## SUMMONS & COMPLAINT

Helen F. Dalton & Associate, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
(718) 263-9591

To:

E & D LLC, d/b/a THE PRIME GRILL
60 EAST 49TH STREET
NEW YORK, NY 10017